UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RONALD GRASSEL,

                    Plaintiff,

    -against-

NEW YORK STATE DEPARTMENT OF
EDUCATION; UNKNOWN CITY AGENT
of the Department of Education of the City of
New York;
                  Defendants.
----------------------------------------------------------X

**NOT FOR PUBLICATION**
**MEMORANDUM AND ORDER**
17-CV-2181 (PKC)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Ronald Grassel filed this *pro se* action against the New York State Department of Education ("NYSDE") and an "unknown city agent" of the NYSDE (the "Agent") pursuant to 42 U.S.C. § 1983. Plaintiff also filed a petition to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Dkt. 2.) The Court grants Plaintiff's petition to proceed *in forma pauperis* for purposes of this order. For the reasons stated below, the Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.

## BACKGROUND

### I.    Procedural History

    Plaintiff has been involved in litigation against the Department of Education of the City of New York ("DOE") for nearly two decades. *See Grassel v. Dep't of Educ. of City of N.Y.*, No. 12 Civ. 1016, 2015 WL 5657343, at *1-2 (E.D.N.Y. Sept. 24, 2015) ("*Grassel I*") (summarizing litigation history).[1] As relevant to this action, on March 1, 2012, Grassel sued the DOE in this Court, alleging violations of Title 42, United States Code, §§ 1981, 1983, and 1985(3),

---

[1] The Court presumes the parties' familiarity with that prolonged litigation history, which is summarized in detail in *Grassel I*, 2015 WL 5657343, at *1-2, and recounts in this opinion only those aspects of the litigation that are relevant to reviewing Mr. Grassel's complaint in this action.

1

the Americans with Disabilities Act ("ADA"), and the New York State Human Rights Law ("NYSHRL"). In his complaint in *Grassel I*, Grassel alleged, *inter alia*, that the DOE had subjected him to an impermissible medical exam and disability-related inquiry, discriminated against him based on a perceived disability, and retaliated against him for filing a charge with the U.S. Equal Employment Opportunity Commission. 2015 WL 5657343, at *6.

By order dated September 24, 2015, this Court granted summary judgment to the DOE on Plaintiff's ADA and NYSHRL claims of discrimination based on a perceived disability, Plaintiff's ADA and NYSHRL claims of retaliation, and Plaintiff's Section 1981, 1983, and 1985(3) claims. *See Grassel I*, 2015 WL 5657343, at *13. However, the Court denied Defendant's summary judgment motion as to Plaintiff's ADA claim based on a supposedly impermissible medical exam and disability-related inquiry. *Id.* Thereafter, following additional summary-judgment briefing, the Court granted summary judgment to the DOE on Plaintiff's sole remaining claim. *Grassel v. Dept. of Educ. of City of N.Y.*, No. 12 Civ. 1016, 2017 WL 1051115, at *1 (E.D.N.Y. Mar. 20, 2017) ("*Grassel II*").

**II.   Grassel's Allegations**

Grassel's complaint in this action (Dkt. 1) consists of a standard form made available by the Administrative Office of the U.S. Courts to assist *pro se* litigants in stating the facts necessary to state a claim under 42 U.S.C. § 1983. *See* Complaint for Violation of Civil Rights (Pro Se 15), *available at* http://www.uscourts.gov/services-forms/forms (last visited September 21, 2017). On the form, in response to the question of "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," Grassel did not identify any federal constitutional or statutory rights, but merely stated, "State and local." (Dkt. 1 at 4, ¶ II.B.) In response to another question on the form, Grassel alleges that his unspecified constitutional or

2

federal rights were violated because he was "ordered to work and not paid (slavery)[,] . . . was the subject of death threats[,] [and] . . . was the subject of overt Anti-Semitism," and because "[t]he DOE refused to investigate or follow its own rules regarding or investigating or making police reports etc." (Dkt. 1 at 4, ¶ II.D.)

Grassel further alleges that, on or about December 8, 2016, he "received a document from the Department of Education of the State of New York claiming that I had demonstrated poor moral conduct based upon four Education Law 3020-a hearings going back to the 1990's." (Dkt. 1 at 5, ¶ III.A.) Grassel alleges that the document "outlined . . . charges" against him and stated the DOE's findings that the charges were "truthful based upon an anonymous report from someone at the Department of Education of the City of New York." (*Id.*) Grassel also alleges that he was invited to attend a hearing regarding the DOE's charges and findings in Albany, New York, and that the DOE "refused" to relocate the hearing to New York City. (*Id.*)

Grassel alleges that "the events giving rise to [his] claim(s) occur[red] . . . December 8, 2016 and for the prior 20-25 years." (Dkt. 1 at 5, ¶ III.B.) Grassel goes on to allege the following "facts underlying [his] claim(s)," including:

- "The City Department of Education dropped all the 1990's and related two thousand charges in open court . . . and in a 3020-a hearing stating the entire 'medical' issue is 'withdrawn with prejudice.' I was nevertheless secretly terminated."
- "I was also ordered by the DOE to work without pay."
- "I was refused medical attention . . . when I had a 'heart attack.'"
- "I gun [sic] was brought in the school by a person . . . which the administration knew about and refused to stop him from pointing at me and offering to kill me."
- "The school took part in numerous cover-ups regarding cheating . . . on Regents exams, which they covered up for years, and ostracized me."
- "The Principal [of the school] regularly [cursed] at me."
- "The entire school witnessed many of these events – which were also reported to higher authority . . . which ignored, refused to investigate[], failed to report etc."

3

- "[I] was continually subject to adverse actions or reactions."

(Dkt. 1 at 5, ¶ III.C.)

As "injuries," Grassel alleges: (1) "In 1997 I had a 'heart attack' . . . in Harry VanArsdale Jr. High School . . . [but] the person-in-charge [of the school] refused me any medical attention [and] refused to allow [me] to leave the building"; (2) "I asked in 2011 for an independent medical examination[] related to [a] 'kil Gras'l' [sic] sign in Harry Van Arsdale Jr. High School . . . [and] because 'death to Grassel the jew' sign posted in the same building and was refused." (Dkt. 1 at 6, ¶ IV.)

As "relief," Grassel alleges: "I would like to be paid for being ordered to work in 2003 . . . and not being paid. I would be paid for being ordered to work in 2007 by various DOE supervisor[s] and not being paid . . . . I would my C.A.R. (sick days) corrected to reflect sick days not credited from, 1997, 1998, 2003, 2007, which DOE deliberately ignored. I believe the law does not allow punitive damages." (Dkt. 1 at 6, ¶ V.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by

attorneys and that the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

**DISCUSSION**

As a whole, the Complaint is disjointed and confusing. Although styled as a civil rights action under 42 U.S.C. § 1983, the Complaint does not identify any right under the U.S. Constitution or federal law that was supposedly violated by the DOE. (*See* Dkt. 1 at 4.) Complaint alleges that Plaintiff's "injuries" occurred (1) in 1997, when he was denied medical attention for a "heart attack," and (2) in 2011, when he "asked . . . for an independent medical examination" in response to anti-Semitic signage posted at the junior high school where he worked as a teacher. (*Id.* at 6.) Yet the only "relief" Plaintiff seeks is for unpaid wages and sick days in 1997, 1998, 2003, and 2007—unpaid wages that appear, from the face of the Complaint, to have nothing to do with his "heart attack" in 1997 or his demand for an "independent medical examination" in 2011. (*Id.* at 5-6.) Moreover, the Complaint fails to allege a basic timeline of events from which the Court could potentially discern a legal claim, instead alleging, broadly, that the "events giving rise" to Plaintiff's claims occurred sometime within "December 8, 2016 and . . . the prior 20-25 years." (*Id.* at 5.) The few specific allegations that Plaintiff makes—such as that he was "secretly terminated," or that school administrators allowed someone to "bring a gun" into school, *supra*—are not placed in the context of any coherent timeline from which the Court could draw any plausible inference about the significance of those events. (*See* Dkt. 1 at 5.) In short, the Court finds that the Complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Owens v. Shields*, 34 F. App'x 33, 34 (2d Cir.

2002); *see also Jemmot v. N.Y.C. Transit Auth.*, 660 F. App'x 62, 65 (2d Cir. 2016) (affirming dismissal of *pro se* complaint that relied on vague "allus[ions] to numerous non-chronological and unconnected events spanning a number of years and interspersed with seemingly irrelevant information"). Accordingly, the Court must dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim on which relief can be granted. *See Owens*, 34 F. App'x at 34; *Jemmot*, 660 F. App'x at 65.

Nonetheless, in light of Plaintiff's status as a *pro se* plaintiff, the Court grants Plaintiff thirty (30) days from the date of this Order to file an amended complaint that articulates Plaintiff's grievance or legal theory in a manner the Court can comprehend. At a minimum, in addition to providing the information requested on the standard form for *pro se* litigants, which Plaintiff used to file the Complaint, the amended complaint should identify the approximate dates of the events that are relevant to Plaintiff's claim, and specify "relief" that is related to the "injuries" of which Plaintiff complains.

Furthermore, the Court makes the following observations with respect to the Complaint. The Court makes these observations in an effort to assist Plaintiff in preparing an amended complaint in this action, should he choose to do so.

*First*, the Complaint appears to touch upon matters that were the subject of Plaintiff's prior action in this Court, Civil Case No. 12-1016, in which the Court granted summary judgment to the DOE on all of Plaintiff's claims. *See Grassel I*, 2015 WL 5657343 (E.D.N.Y. Sept. 24, 2015); *Grassel II*, 2017 WL 1051115 (E.D.N.Y. Mar. 20, 2017). For example, one of the "injuries" alleged in the Complaint is the DOE's alleged denial of Plaintiff's request for an "[i]ndependent medical examination" in 2011, which appears to be part of the same general set of events of which Plaintiff complained in his prior action. Thus, the Court observes that, to the extent Plaintiff

asserted this same claim in his prior action, or *could have* asserted this same claim in his prior action, the doctrine of *res judicata* would likely bar any such claim were Plaintiff to include it in an amended pleading. *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.,* 779 F.3d 102, 108 (2d Cir. 2015) (stating elements of *res judicata*).

*Second*, the Complaint seems to allude to matters about which Plaintiff submitted a filing in his prior action. Specifically, the Complaint in this action makes reference to "a document [Plaintiff received] from the Department of Education of the State of New York claiming that [he] had demonstrated poor moral conduct based upon four Education Law 3020-a hearings going back to the 1990's." (Dkt. 1 at 5.) In an effort to determine the nature of that "document," the Court looked beyond Plaintiff's Complaint in this action to review the docket in Civil Case No. 12-1016, the prior action by Plaintiff against the DOE before this Court. *Grassel v. Dep't of Educ. of City of N.Y.*, No. 12 Civ. 1016 (E.D.N.Y.). In that action, by letter dated March 15, 2017, Plaintiff expressed an intention to amend his pleadings to add a claim of "retaliation et al." based on the commencement of an administrative proceeding by the New York State Education Department. (*See* No. 12 Civ. 1016, Dkt. 68.) Attached to that letter was a "Notice of Substantial Question of Moral Character," dated September 22, 2016, issued by the New York State Education Department. (No. 12 Civ. 1016, Dkt. 68-1 ("Notice").) The Notice stated that the New York State Education Department had commenced proceedings, pursuant to 8 N.Y.C.R.R. Part 83, "to determine whether [Plaintiff] has the requisite good moral character to teach in the public schools of the State of New York." (No. 12 Civ. 1016, Dkt. 68-1.) The Notice appears to be the "document" to which Plaintiff makes reference in his Complaint. (*See* Dkt. 1 at 5.)

Unfortunately, although the Court seems to have identified the "document" to which Plaintiff makes reference in his Complaint (Dkt. 1 at 5), the Court nonetheless is obliged to dismiss

7

the Complaint for failure to state a claim.  Fundamentally, in failing to set forth even the most basic timeline of events about which Plaintiff complains, and alleging "injuries" and "relief" that appear to have no relation, the Complaint leaves the Court guessing as to Plaintiff's theory or theories of liability in this action.  The Court's obligation to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests, *see Erickson v. Pardus*, 551 U.S. 89 (2007), can go only so far.  Where, as here, the Complaint amounts to a series of vague "allus[ions] to numerous non-chronological and unconnected events spanning a number of years and interspersed with seemingly irrelevant information," it cannot be said to state a plausible claim for relief.  *See Jemmot*, 660 F. App'x at 65.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order.  The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order.  If Plaintiff fails to file an amended complaint within thirty days, the Complaint will be dismissed and judgment shall enter.  No summonses shall issue at this time, and all further proceedings shall be stayed for thirty days.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
      September 22, 2017