UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD GRASSEL,

                    Plaintiff

                -v-                               **MEMORANDUM AND ORDER**
                                                          17-CV-2181 (PKC)

NEW YORK STATE EDUCATION DEPARTMENT
(NYSED), OFFICE OF SCHOOL PERSONNEL
REVIEW AND ACCOUNTABILITY, THE
COMMISSIONER OF EDUCATION, THE
DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK (NYC DOE), AND NEW YORK CITY
CHANCELLOR OF EDUCATION,

                    Defendants.
------------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      Plaintiff Ronald Grassel filed this *pro se* action against the New York State Education Department and an "unknown city agent" of the Department of Education of the City of New York (the "Agent") pursuant to 42 U.S.C. § 1983. By order dated September 22, 2017, the Court granted Plaintiff's request to proceed *in forma pauperis*, and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. Plaintiff was, however, granted leave to amend his complaint. *See Grassel v. New York State Dept. of Educ.,* No. 17-CV-2181 (PKC), 2017 WL 4233026, at *1 (E.D.N.Y. Sept. 22, 2017).

      On December 20, 2017, Plaintiff filed an Amended Complaint against the New York State Education Department ("NYSED"), Office of School Personnel Review and Accountability, and Commissioner of Education (collectively, the "NYSED Defendants"), as well as the Department of Education of the City of New York ("NYC DOE") and the New York City "Chancellor" of

Education[1] (collectively, the "NYC DOE Defendants"), pursuant to 42 U.S.C. §§ 1981, 1983, 1985, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), as well as the First and Thirteenth Amendments to the U.S. Constitution. Plaintiff also added claims under the State and City Human Rights Laws. For the reasons stated below, the Amended Complaint is dismissed based on *res judicata* (claim preclusion) and failure to state a claim.

## BACKGROUND

### I. Procedural History

Plaintiff has been involved in litigation against the NYC DOE for nearly two decades. *See Grassel v. Dep't of Educ. of City of N.Y.*, No. 12-CV-1016 (PKC), 2015 WL 5657343, at *1-2 (E.D.N.Y. Sept. 24, 2015) ("*Grassel I*") (summarizing litigation history).[2] On March 1, 2012, in *Grassel I*, Grassel sued the NYC DOE, alleging violations of Title 42, United States Code, §§ 1981, 1983, and 1985(3), the ADA, and the New York State Human Rights Law ("NYSHRL"). In his complaint in *Grassel I*, Plaintiff alleged, *inter alia*, that the NYC DOE had subjected him to an impermissible medical exam and disability-related inquiry, discriminated against him based on a perceived disability, and retaliated against him for filing a charge with the U.S. Equal Employment Opportunity Commission. 2015 WL 5657343, at *6.

---

[1] Plaintiff asserts that "[t]he Chancellor(s) took no known direct role, but her/his designees did". (Amended Complaint, "Amended Compl.", Dkt. 7, at 1.)

[2] The Court presumes the parties' familiarity with that prolonged litigation history, which is summarized in detail in *Grassel I*, 2015 WL 5657343, at *1-2, and recounts in this opinion only those aspects of the litigation that are relevant to reviewing Mr. Grassel's Amended Complaint in this action.

2

By order dated September 24, 2015, this Court granted summary judgment to the NYC DOE on Plaintiff's ADA and NYSHRL claims of discrimination based on a perceived disability, Plaintiff's ADA and NYSHRL claims of retaliation, and Plaintiff's Section 1981, 1983, and 1985(3) claims. *See Grassel I*, 2015 WL 5657343, at *13. However, the Court denied Defendant's summary judgment motion as to Plaintiff's ADA claim based on a supposedly impermissible medical exam and disability-related inquiry. *Id.* Thereafter, following additional summary-judgment briefing, the Court granted summary judgment to the NYC DOE on Plaintiff's sole remaining claim. *Grassel v. Dept. of Educ. of City of N.Y.*, No. 12-CV-1016 (PKC), 2017 WL 1051115, at *1 (E.D.N.Y. Mar. 20, 2017) ("*Grassel II*").

Plaintiff filed the instant action on April 6, 2017. On September 22, 2017, the Court issued an order explaining that Plaintiff's complaint was "disjointed and confusing", and although styled as a Section 1983 action, failed to identify any right under the Constitution or federal law that was allegedly violated by the NYSED or NYC DOE. *Grassel v. New York State Department of Education et al.*, *No.* 17-CV-2181 (PKC) 2017 WL 4233026, at *3 (E.D.N.Y. Sept. 22, 2017) ("*Grassel III*"). The Court granted Plaintiff leave to submit an amended complaint that articulated his grievance in a manner that the Court could comprehend.

**II. Plaintiff's Amended Complaint**

Plaintiff's Amended Complaint ("Amended Compl.", Dkt. 7) remains disjointed and confusing. It appears that Plaintiff is seeking to relitigate issues pertaining to his former employment with the NYC DOE that were raised, or could have been raised, in *Grassel I* and *Grassel II.* For example, Plaintiff asserts: (1) that "In or about January 1991, a secret [NYC] DOE medical document . . . was placed in [Plaintiffs] medical file." The document allegedly set forth

Plaintiff's "erratic" and irrational" behavior; (2) that the Principal of the school at which Plaintiff was then employed threatened Plaintiff; and (3) that in 2007, Plaintiff was subject to multiple § 3020-a disciplinary hearings under New York Education Law. (Dkt. 7, at 2-4.) Plaintiff also seems to allege that the NYC DOE lacked standing in connection with the § 3020-a hearings and that the statute of limitations had run on the incidents for which Plaintiff was disciplined by the time the discipline was imposed. (Dkt. 7, at 5-6.) In addition, Plaintiff adds a claim under the Thirteenth Amendment, alleging that Defendants violated his right to be free from involuntary servitude, when in 2003, he was "ordered" to work by the Executive Director of the NYC DOE, or similarly "ordered" to work by other NYC DOE officials in June 2007. (Dkt. 7, at 4.) Plaintiff seeks a jury trial.

## LEGAL STANDARDS

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

As relevant here, Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide a short, plain statement of the claim against each named defendant so that the defendants have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal

4

citations and alterations omitted). A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'"). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly,* the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an IFP action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007).

The doctrine of *res judicata* forecloses litigation of a claim that has been adjudicated in an earlier suit; this is known as "claim preclusion". *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107-08 (2d Cir. 2015). Dismissal of a claim on the basis of claim preclusion requires a showing that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the

5

claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* at 108 (alteration omitted) (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014)).

## DISCUSSION

Plaintiff's claims in the Amended Complaint relate solely to discrimination and termination by the NYC DOE. Because these claims are identical to the claims that Plaintiff raised, and that were resolved, in *Grassel I* and *Grassel II*, they are barred by claim preclusion. *See Marcel Fashions Grp., Inc.*, 779 F.3d at 108; *see Grassel I*, 2015 WL 5657343, at *13 (granting summary judgment to the NYC DOE on Plaintiff's ADA and NYSHRL claims of discrimination based on a perceived disability, Plaintiff's ADA and NYSHRL claims of retaliation, and Plaintiff's §§ 1981, 1983, 1985, claims); *Grassel II,* 2017 WL 1051115, at *1 (granting summary judgment to the NYC DOE on Plaintiff's sole remaining ADA claim).

First, *Grassel I* and *Grassel II* "involved an adjudication on the merits" of the same discrimination and retaliation claims that Plaintiff raises in his Amended Complaint. *Marcel Fashions Grp., Inc.*, 779 F.3d at 108. Second, *Grassel I* and Grassel *II* "involved the same adverse parties or those in privity with them" as the instant action. Although Grassel has sought to extend his claims, which were previously brought against only the NYC DOE Defendants, to the NYSED Defendants, because those parties are in privity with each other, claim preclusion bars Plaintiff from now bringing those claims against the NYSED Defendants as well. Privity requires that "the new defendant [have] a sufficiently close relationship to the original defendant to justify preclusion". *Smith v. City of New York*, 130 F. Supp. 3d 819, 828 (S.D.N.Y. 2015), *aff'd*, 664 F. App'x 45 (2d Cir. 2016) (quoting *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.,*

6

56 F.3d 359, 368 (2d Cir. 1995)). This Circuit has found privity encompasses "[t]hose who control an action although not formal parties to it", as well as certain instances where a non-party's interests in the prior litigation are virtually identical to one of the parties. *Chase Manhattan Bank, N.A. v. Celotex Corp.* 56 F.3d 343, 345-46 (2d Cir. 1995) (internal citations and quotation marks omitted). Here, Plaintiff appears to be asserting that both the NYC DOE and NYSED Defendants, the adverse parties in question, maintain privity with the NYC DOE with regard to control over Plaintiff's discipline and termination (*see* Amended Compl., at 1-4), at least to the extent that the NYSED Defendants and the NYC DOE Chancellor or his designees control the discipline and termination of NYC DOE employees or the NYC DOE disciplinary process, or to the extent their interests in Plaintiff's discipline and termination were virtually identical. (*See, i.e.,* Amended Compl., at 1 ("Ronald Grassel has been treated materially different than any other known person "employed" . . . by supervisory persons of the Department's [sic] of Education (NYSED and NYC DOE).") Taking Plaintiff's allegations to be true, "[a]ny attempt to add additional allegations/claims . . . or other defendants who are in privity with the defendants (which appears to be plaintiff's intention) would be futile because res judicata also would bar all such claims which are simply designed to re-package issues or claims that were litigated, or could have been litigated" in the prior action. *MacKay v. Crews*, No. 09-CV-2218 (JFB) (ARL), 2009 WL 5062119, at *12 (E.D.N.Y. Dec. 16, 2009).

Third, all of Plaintiff's discrimination and retaliation claims in his Amended Complaint either were, or could have been, raised in *Grassel I* or *Grassel II.* Plaintiff is therefore precluded from asserting the same claims, even "re-packaged" as First or Thirteenth Amendment, or as State

7

or City Human Rights Law, claims. *MacKay,* 2009 WL 5062119, at *12; *Marcel Fashions Grp., Inc.,*, 779 F.3d at 108.

Moreover, even if the instant action were not precluded on *res judicata* grounds, Plaintiff's Amended Complaint fails to state a claim of discrimination upon which relief may be granted. *Vega v. Hempstead Union School Dist.,* 801 F.3d 72, 86-87 (2d Cir. 2015) (although at pleading stage, plaintiff need not establish discrimination, he must plausibly allege a claim upon which relief can be granted). Even under the most liberal construction of Plaintiff's allegations, he provides no facts that could plausibly connect any adverse employment action to a protected status. *See Littlejohn v. City of New York,* 795 F.3d 309-10 (2d Cir. 2015) (an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).

Similarly, while Plaintiff appears to allege some disjointed facts about protected activity or speech, *e.g.,* that he complained about alleged racially discriminatory comments made about students by Edmund Mattei, Assistant Principal, and that he also complained about an alleged ongoing exam "cheating scandal" from 1989-1995 (Amended Compl., at 3), Plaintiff does not state, even approximately, when these complaints were made, nor to whom or how he reported them. (*See id.*) Furthermore, Plaintiff fails to allege any adverse action taken against him as a result of this speech or any causal connection between this speech and any adverse action. *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) ("To assert a First Amendment retaliation claim under § 1983, a plaintiff must plausibly allege that (1) [his] speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against [him]; and (3) there was a causal connection between this adverse action and the protected speech.")

(internal quotation marks and citations omitted). Plaintiff himself notes that although he would like to raise such allegations, this Court denied his attempts, in connection with *Grassel I*, to include any factual allegations about events he claims occurred "prior to 2011". (Amended Compl., at 3.)

Accordingly, Plaintiff's claims under Sections 1981, 1983, and 1985, Title VII, the ADA, and the First and Fourteenth Amendments are dismissed as precluded or insufficiently alleged. The Court also declines to exercise supplemental jurisdiction over Plaintiffs' claims under the New York State and New York City Human Rights Laws. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (noting that the district court may, in its discretion, decline to exercise supplemental jurisdiction over state law claims where "the district court has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)(3)).

## CONCLUSION

Plaintiff's Amended Complaint, filed *in forma pauperis*, is dismissed as barred by *res judicata* and for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment dismissing this action, which is hereby terminated. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
April 9, 2018